# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

Richard M. Chamberlain, )
)
    Plaintiff, )
)
v. ) C.A. No.: N18C-07-035 SKR
)
Officer George Pyle, et al., )
)
    Defendants. )

## ORDER

This 2nd day of November, 2018, upon consideration of Defendants' Motion to Dismiss, Plaintiff's Response thereto, Defendants' Affidavit of No Insurance, and the entire record in this case, it appears to the Court that:

1. Plaintiff Richard M. Chamberlain ("Plaintiff") was an inmate housed at Howard R. Young Correctional Institution ("H.R.Y.C.I") in Wilmington, Delaware. On July 5, 2018, Plaintiff filed a *pro se* complaint[1] (the "Complaint") against two officers at H.R.Y.C.I, George Pyle ("Officer Pyle") and Bernard Smith ("Officer Smith"), and Warden Kolawole Akinbayo (the "Warden") (collectively, "Defendants"). In the Complaint, Plaintiff alleges, among other things, that, while conducting a strip search of Plaintiff, Officer Pyle "plac[ed] both of his hands on

---

[1] Complaint (Trans. ID. 62203737).

Plaintiff's buttocks and forcibly spread them open."[2] Plaintiff also alleges that Officer Smith witnessed the incident but did not intervene.[3] Plaintiff raises two causes of action against all Defendants: (1) sexual battery; and (2) intentional/reckless infliction of emotional distress.[4] Plaintiff states that the claims against the Warden are based on *respondeat superior*.[5]

2. On August 29, 2018, Defendants moved to dismiss the case on several grounds.[6] Defendants contend that Plaintiff's case, if construed as brought against Defendants in their official capacities, is barred by sovereign immunity. Defendants also contend that, if Defendants are sued in their individual capacities, this case is then barred by qualified immunity. Alternatively, Defendants contend that the Complaint fails to state a claim, and should be dismissed under Superior Court Civil Rule 12(b)(6).

3. Although not a model of clarity, the Court finds that the Complaint may be reasonably construed as asserting claims against Officer Pyle and Officer Smith both in their official and individual capacities, and against the Warden only in his official capacity. On October 3, 2018, the Court, after reviewing the briefs and hearing oral arguments from the parties, granted the Motion to Dismiss with regard to Officer

---

[2] *Id.* ¶ 8.
[3] *Id.* ¶ 15.
[4] *Id.* ¶¶ 23–28.
[5] *Id.* ¶ 18.
[6] Defendants' Motion to Dismiss (Trans. ID. 62393807).

Smith, in his individual capacity, on the basis of qualified immunity. But the Court allowed the claims asserted against Officer Pyle in his individual capacity to proceed.[7] The Court deferred its decision on whether Defendants should be kept in this case in their official capacities.

4. Defendants argue that any claims asserted against them in their official capacities are barred by sovereign immunity. The doctrine of sovereign immunity provides that the State, as well as its agencies, cannot be sued without its consent.[8] The General Assembly, however, can waive sovereign immunity by an Act that "clearly evidences its intention to do so."[9] There are two means by which the General Assembly may waive immunity: (1) by procuring insurance pursuant to 18 *Del. C.* § 6511 for claims cited in the complaint; or (2) by statute which expressly waives immunity.[10] Under 18 *Del. C.* § 6511, "[t]he defense of sovereignty is waived and cannot and will not be asserted as to any risk or loss covered by the state insurance coverage program, whether same be covered by commercially

---

[7] The Court found that Plaintiff has successfully stated a claim against Officer Pyle. The Court also found that the claims asserted against him are not precluded under qualified immunity because a reasonable jury could find that Officer Pyle engaged in the conduct alleged in the Complaint with bad faith and gross negligence. *See* 10 *Del. C.* § 4001.

[8] *Pauley v. Reinoehl*, 848 A.2d 569, 573 (Del. 2004).

[9] *Id.*

[10] *J.L. v. Barnes*, 33 A.3d 902, 913 (Del. Super. 2011) (internal citations omitted).

procured insurance or by self-insurance."[11]   Sovereign immunity also extends to state officials sued in their official capacities.[12]

5. The issue of sovereign immunity boils down to whether or not the State maintains insurance that covers the type of claims asserted in the Complaint, or otherwise waives its immunity through a statute. In order to resolve this issue, the Court converted the Motion to Dismiss to a Motion for Summary Judgment, and allowed the parties to submit relevant evidence. Defendants submitted an affidavit[13] (the "Affidavit") of Debra Lawhead, the State's Insurance Coverage Administrator, which attests that the State does not have insurance that applies to the circumstances alleged in the Complaint. Specifically, Ms. Lawhead states that her duties include administration of insurance coverage in all instances in which the State has waived sovereign immunity under 18 *Del. C.* § 6511, and that she has personal knowledge of any such coverage.[14] She further states that she has reviewed the Complaint and determined that the State "has not purchased any insurance []or [] established any self-insurance program" that would be applicable here.[15] She also verifies that the General Assembly "has not appropriated any money for obtaining said insurance, nor has [it] enacted any legislation pertaining to or allowing any possible liability of

---

[11] 18 *Del. C.* § 6511.
[12] *Harris v. Hosp. for the Chronically Ill*, 2001 WL 1739190, at *3 (Del. Super. Dec. 27, 2001).
[13] Debra Lawhead's Affidavit (Trans. ID. 62540009).
[14] *Id.* ¶¶ 2–3.
[15] *Id.* ¶ 4.

4

the State resulting from" the facts here.[16] The Court instructed Plaintiff that he may respond to the Affidavit and contest its contents. Plaintiff has not done so.

6. Based on the record currently before us, the Court finds that there is no genuine issue of material fact that the State does not maintain any insurance coverage that is applicable to the claims raised in the Complaint, and that there is no statute through which the State has waived its immunity. Thus, sovereign immunity bars Plaintiff's claims as alleged against Defendants in their official capacities.

For the forgoing reasons, Defendants' Motion to Dismiss, which has been converted to a Motion for Summary Judgment, is **GRANTED** with regard to all Defendants in their official capacities. This leaves Officer Pyle as the only defendant in this case, and the case will proceed against him solely in his individual capacity.

**IT IS SO ORDERED.**

Sheldon K. Rennie, Judge

---

[16] *Id.* ¶ 5.